UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DANIEL MARQUETTE AND
THEODORE MARQUETTE                          CIVIL ACTION

VERSUS                                      NUMBER 10-238-SCR

GEICO GENERAL INSURANCE CO.
AND ANTONIO BARRAS DIEGO


# **FINDING OF JURISDICTION**

Defendant GEICO General Insurance removed this case asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. In the Status Report the plaintiffs asserted that:

> Plaintiffs suggest to the Court that there may not be diversity [jurisdiction] because the value of each plaintiff's claims against defendants is less than $75,000. Before and after plaintiffs filed their original pleadings, plaintiffs offered to settle their claims for less than $75,000 each.[1]

Nonetheless, the plaintiffs did not file a motion to remand.

The case was set for a final pretrial conference and trial, discovery proceeded and the Pretrial Order was timely filed. In the Pretrial Order the parties advised that the claims of plaintiff Theodore Marquette had been settled. Plaintiff Daniel Marquette again asserted that the court does not have subject matter jurisdiction for the same reason stated in the Status Report. Plaintiff still had not filed a motion to remand.

According to the Pretrial Order, prior to removal the

---

[1] Record document number 5, Section A.

plaintiffs refused to stipulate that the amount in controversy is less than $75,000 each. A review of the plaintiffs' Petition for Damages showed that it does not contain a statement that the damages are less than the amount required for federal court jurisdiction.[2] In addition to general damages, the plaintiffs also sought statutory penalties, attorney's fees and damages resulting from defendant GEICO's alleged arbitrary and capricious failure to pay the full amount of their claim.[3] And the plaintiffs sought exemplary, i.e. punitive, damages pursuant to La.C.C.P. art. 2315.4 based on the allegation that defendant Antonio Barras Diego was intoxicated at the time of the accident.[4]

Although an award of exemplary damages is discretionary, the statute does not place a limit on the amount of exemplary damages which the jury may award. Plaintiff Daniel Marquette's claims for exemplary damages opens the door for the jury to award him damages in an amount which alone could reasonably exceed the amount in

---

[2] See, La.C.C.P. art. 893(A)(1).

[3] Record document number 1-1, Petition for Damages, ¶¶ 14 and 15. In addition, plaintiff Theodore Marquette sought recovery for the possible diminished value of his vehicle. *Id.* at ¶ 15.

[4] Plaintiffs alleged that "the blood alcohol level of defendant Antonio Barras Diego was .203g percent (over twice the legal limit of intoxication in Louisiana)." Record document number 1-1, Petition for Damages, ¶ 5. Defendant has also been referred to as Diego Antonio Barras.

controversy needed under § 1332.[5] Assuming the injuries suffered by plaintiff Daniel Marquette are moderate,[6] and his actual damages are such that they total less than $75,000,[7] considering the plaintiff's actual medical expenses, plus amounts for general damages, penalties, attorney's fees and exemplary damages, it is facially apparent that the amount needed for diversity jurisdiction is present.

Accordingly, the court concludes that the required amount in controversy is present and it may properly exercise subject matter jurisdiction under § 1332.

Baton Rouge, Louisiana, November 1, 2011.

*signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5] While an award of exemplary damages is within the discretion of the jury, Louisiana state court juries have awarded exemplary damages under Article 2315.4 as high as $850,000, *Dekeyser v. Automotive Cas. Ins. Co.*, 706 So.2d 676, 97-1251 (La.App. 4 Cir. 1998), rehg.den. 3/16/1998, abrogated on other grounds, *Champagne v. Ward*, 893 So.2d 773, 2003-3211 (La. 2005), although many awards are for far lesser amounts. Because defendant GEICO Indemnity Company's policy has a $10,000 per person bodily injury liability limit, a substantial award of exemplary damages would be borne by defendant Diego. Since this result would presumably have the intended deterrent effect on others, the prospect of the jury awarding exemplary damages would be enhanced.

[6] The Petition for Damages described Daniel Marquette's injuries in general terms and he sought recovery for various types of damages, including general damages, medical expenses, future lost wages and lost earning capacity, and exemplary damages. *Id.* at ¶¶ 10 and 11.

[7] His medical expenses are about $5,000. Record document number 24, section D, established fact number 2.